# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES A. KARLIN,

    Plaintiff,

v.                                                                Case No. 07-C-1023

JOANN MIGNON, KIRK SCHEND,
MATT KLUCK, and CALUMET COUNTY,

    Defendants.

---

ORDER GRANTING DEFENDANT CALUMET COUNTY'S MOTION FOR SUMMARY JUDGMENT (DOC. #63), GRANTING DEFENDANTS KLUCK, MIGNON, AND SCHEND'S MOTION FOR SUMMARY JUDGMENT (DOC. #67), AND DISMISSING THIS ACTION

The plaintiff, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis on a Fourth Amendment claim based on allegations that defendants searched his home and car pursuant to an invalid search warrant. Defendants JoAnn Mignon, Kirk Schend, and Matt Kluck have filed a motion for summary judgment as has defendant Calumet County. These motions are ready for resolution and are addressed below.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive

law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In a § 1983 case, plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and this must come forth with sufficient evidence to create genuine issues of material fact to avoid summary judgment. *McAllister v. Price*, — F.3d —, 2010 WL 3169326, *3 (7th Cir. 2010) (citing *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006)); *see also Celotex*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings . . . ."); Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."). "Rule 56(c) mandates the entry of summary judgment . . . upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II. FACTS[1]

*A. DEFENDANTS MIGNON, SCHEND, AND KLUCK'S PROPOSED FINDINGS OF FACT*

---

[1] Facts are taken from defendants Mignon, Schend, and Kluck's Proposed Findings of Fact, and from defendant Calumet County's Proposed Findings of Fact. The plaintiff filed a response to defendants Mignon, Schend, and Kluck's proposed findings of fact (Docket #84) in which he disputes most of the defendants' proposed facts. However, his responses do not directly address the proposed facts, are not relevant, and are not properly supported by admissible evidentiary materials. *See* Fed. R. Civ. P. 56(e)(1) (supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated).

2

The City of Brillion, Wisconsin experienced several residential burglaries between 2004 and 2006 and the Brillion Police Department investigated the burglaries. In September 2004, a Brillion residence was burglarized, and Investigator Joann Mignon ("Mignon"), and Officers Kirk Schend ("Schend") and Matt Kluck ("Kluck") were involved in an investigation of the crime over a two-year period. Mignon submitted an Affidavit for Search Warrant to Calumet County Circuit Court Judge Donald Poppy on November 28, 2006, setting forth many observations and facts from the Brillion Police Department's two-year investigation into the September 2004 burglary. (Madison Aff. ¶ 3, Ex. A.) It was the belief of Mignon that certain items stolen from a Brillion residence in the September 2004 burglary were likely to be found in the apartment of the plaintiff, Charles A. Karlin. The Affidavit for Search Warrant describes the property to be searched as "200 W. Bluff Street #112, City of Neshkoro, County of Marquette, Wisconsin . . . a white single-story multi-complex apartment building with multiple apartment units. Located on the exterior front of apartment #112 are the numerals '112'. Apartment #112 is the last apartment on the west end of the apartment building, and faces Bluff Street." (*Id.* at 3.)

On November 28, 2006, Judge Poppy issued a search warrant for the property based on Mignon's Search Warrant Affidavit. (Madison Aff. ¶ 4, Ex. B.) The search warrant described the premises to be searched, Karlin's apartment, and listed items that were to be seized.[2]

---

[2] The Search Warrant lists the following items to be seized in Karlin's apartment: 1. A 1972 Class Ring from Lincoln High School; 2. One dinner ring; 3. One white pearl and diamond ring; 4. One diamond necklace with butterfly; 5. One Opal on gold necklace; 6. One 14 KT yellow gold diamond wedding ring; 7. Gold loop earrings; 8. A Red Garnet lady's ring with diamond; 9. A Brillion Iron Works Mens Service Award gold ring with (2) diamonds; 10. A Men's Valders Class ring; 11. One lady's Manitowoc Lincoln Class ring (1967); 12. One lady's gold engagement ring setting without stone; 13. One VISA credit card bearing the name Angeline Spatchek; 14. One pair shoes/boots, approximate size of 8-12 (men's) with criss-cross shoe pattern; 15. 6

3

On November 29, 2006, Mignon, Schend, and Kluck executed the search warrant and seized certain items from 200 W. Bluff Street #112. Those items are listed on Mignon's Search Warrant Affidavit of Return signed and dated November 30, 2006. (Madison Aff. ¶ 5, Ex. C.)

In addition, Mignon observed in plain view a vehicle matching the description of the one belonging to Karlin, and also observed in plain view within the vehicle several "burglarious tools."[3] Mignon ascertained from the vehicle's registration that it belonged to Karlin. Pursuant to advice from a district attorney, Mignon arranged to have the vehicle towed. She then made a second affidavit, under oath, in support of search warrant for the specific vehicle, which was based upon her belief that stolen property and "burglarious tools" would be found inside. (Madison Aff. ¶ 6, Ex. C.) On December 1, 2006, Judge Poppy issued a search warrant for Karlin's vehicle, a 1987 Ford Escort station wagon, blue in color, VIN 1FAPP2893HW294968. (Madison Aff. ¶ 7, Ex. E.) The search warrant described stolen items for which the vehicle was to be searched.[4]

---

quart-sized containers of Quaker State motor oil; 16. 15" Coleman air file and sander item number Pozu-0110sp; 17. A 14-gauge electronic shear Menards tool shop brand item number 161. (Madison Aff. ¶ 4, Ex. B.)c

[3] Several tire irons and a tool bag were observed in plain view within the vehicle. (Mignon Aff. ¶ 18.)

[4] The Search Warrant lists:
Stolen property including, but not limited to: (a) 15" Coleman air file and sander item number Pozu-0110sp; (b) 14-gauge electronic shear Menards tool shop brand item number 161 and (c) pair shoes/boots, approximate size of 8-12 (men's) with criss-cross shoe pattern and burglary tools along with receipts for any purchases or for items that have been sold or transferred to a pawn/resale shop, names and addresses of any associates of Charles A. Karlin, written documents in the name of Charles Karlin or others, maps, charts and diagrams or any other evidence [sic], which things were used in the commission of, or may constitute the evidence of a crime, to-wit: Violation(s) of Burglary, Aggravated Battery, Possession of Burglarious Tools, Criminal Damage to Property and Criminal Trespass, contrary to § 943.10, § 940.91, § 943.12, § 943.01 and § 943.14 of the Wisconsin Statutes.

(Madison Aff. ¶ 7, Ex. E.)

On June 21, 2007, Karlin moved the Calumet County Circuit Court for release of all property seized pursuant to the search warrants. On July 31, 2007, Judge Poppy issued an Order for Release of Property Pursuant to Wis. Stat. § 968.20. (Madison Aff. ¶ 9, Ex. G.) Judge Poppy made no findings of fact or conclusions of law and directed the release of Karlin's vehicle and several boxes of materials listed in the "[i]tems for release to Mr. Karlin from secure storage 7/20/2007 Case 041013001613." (*Id.*) Some property was released to a Gerald Boggs at Karlin's request, but other items seized during the execution of the search warrants were not released because they were held as evidence in criminal proceedings.

*B. DEFENDANT CALUMET COUNTY'S UNDISPUTED FINDINGS OF FACT*

Mignon, Schend, and Kluck executed two search warrants, one on November 29, 2006, and one on December 4, 2006, involving the residence and property of Karlin. A criminal prosecution was initiated against Karlin in Calumet County Circuit Court by the Calumet County District Attorney. The matter was venued in Calumet County Circuit Court as a result of evidence seized in the search.

Pursuant to Wis. Stat. § 59.01, Calumet County is a governmental body corporate with its seat located in Chilton, Wisconsin. Cities within the borders of county units of government are required to maintain and operate police departments unless they contract with counties for law enforcement services. Wis. Stat. §§ 62.13; 62.13(2s). The Calumet County Board of Supervisors has not signed any agreement with the City of Brillion to provide law enforcement services to the City of Brillion. Mignon, Schend, and Kluck are not employees of Calumet County, and exercise no control or authority over the policies or procedures governing Mignon, Schend, and Kluck.

Judge Poppy issued the search warrant of Karlin's property and presided over the criminal proceedings against him in Calumet County Circuit Court. Judge Poppy is not an officer or employee of Calumet County. Although Karlin's criminal proceedings were venued in Calumet County, Calumet County is a judicial circuit of the State of Wisconsin and the Circuit Judge of Calumet County is a state officer pursuant to Wis. Stat. §§ 753.06 and 753.07. Calumet County exercises no control over any of the policies and procedures governing Judge Poppy or the Circuit Court.

The Calumet County District Attorney who prosecuted Karlin is not an officer or employee of Calumet County. Although the District Attorney is the district attorney for Calumet County, Calumet County is a prosecutorial unit of the State of Wisconsin and the District Attorney of Calumet County is a state officer pursuant to Wis. Stat. §§ 978.01 and 978.12. Calumet County exercises no control over any policies or procedures governing the Calumet County District Attorney.

Investigator Mark Wiegert ("Wiegert") is a law enforcement officer with the Calumet County Sheriff's Department. He is aware that the supporting affidavits signed by the City of Brillion Police Department included statements attributed to him at a burglary task force meeting. However, Wiegert did not participate in the decision-making process of the Brillion Police Department to seek the search warrants; did not participate in the decision-making process of the Calumet County Circuit Court in issuing the search warrants; did not participate in the execution or return of the search warrants by the City of Brillion Police Department; and did not participate in the decision-making process relating to the execution and return of the search warrants by the City of Brillion Police Department. (Wiegert Aff. ¶¶ 5-11.)

## III. ANALYSIS

Karlin contends that the search warrants issued for his residence and vehicle were invalid, and therefore Brillion police officers should not have executed those search warrants on his property. Additionally, Karlin asserts that he is being deprived of his property which was seized pursuant to those warrants and not released in accordance with Judge Poppy's July 31, 2007, Order for Release of Property Pursuant to Wis. Stat. § 968.20.

Karlin was convicted of charges consolidated from Calumet County and Marathon County on October 20, 2009. In connection with his plea agreement, Karlin waived his right to appeal and a Judgment of Conviction was entered on November 4, 2009, in Marathon County. On December 5, 2008, this case was stayed for resolution of Karlin's criminal charges, and the stay was lifted for the purpose of refiling dispositive motions.

Defendants Mignon, Schend, and Kluck contend there is no genuine issue of material fact and they are entitled to summary judgment because, (1) the search warrants at the center of this case were properly issued on probable cause under well-established law; (2) the search warrants were properly executed in Neshkoro under well-established Wisconsin law; and (3) Karlin's property was validly seized and retained under well-established Wisconsin law. Next, defendants argue that are shielded from liability by the doctrine of qualified immunity. Defendants further argue that Karlin is collaterally estopped from maintaining this action.

Separately, defendant Calumet County contends that the complaint is devoid of any allegations against Calumet County, employees or officers of Calumet County, or

7

persons who acted on behalf of Calumet County. Calumet County argues Karlin is under the mistaken impression that Mignon, Schend, and Kluck who executed the search warrant, Calumet County Circuit Judge Poppy who issued the search warrant, and the Calumet County District Attorney who prosecuted him, are all officers or employees of Calumet County. The undisputed facts in the record prove otherwise. Moreover, Calumet County argues there is no Calumet County policy or practice that has caused the plaintiff's injury.

"The Fourth Amendment requires that a warrant be supported by probable cause and that it describe, with particularity, the place to be searched and the items or persons to be seized." *Guzman v. City of Chicago*, 565 F.3d 393, 396 (7th Cir. 2009). Unless there are exigent circumstances, a neutral magistrate must make the probable-cause determination and issue the warrant. *Id.* (citations omitted). Wisconsin state law provides in pertinent part:

> (1) Description and issuance. A search warrant is an order signed by a judge directing a law enforcement officer to conduct a search of a designated person, a designated object or a designated place for the purpose of seizing designated property or kinds of property. A judge shall issue a search warrant if probable cause is shown.
>
> (2) Warrant upon affidavit. A search warrant may be based upon sworn complaint or affidavit . . . showing probable cause therefor. The complaint, affidavit or testimony may be upon information and belief.

Wis. Stat. § 968.12.

"The task of the [issuing magistrate] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

8

It is undisputed that defendant officers searched Karlin's apartment and vehicle, and that each search was executed pursuant to a warrant. It is also undisputed that each warrant was obtained after an investigation and issued after an impartial magistrate found probable cause for the issuance of the warrants. Judge Poppy found probable cause, issued the search warrants, which described with particularity the places and objects to be searched, and certain property to be seized. Thus, the undisputed facts reveal that no violation of state or federal law occurred with respect to the issuance of the search warrants. Because there is no constitutional violation, the court need not address the question of whether Mignon, Schend, and Kluck are entitled to qualified immunity. *Stainback v. Dixon*, 569 F.3d 767, 770-71 (7th Cir. 2009).

Next, Karlin contends police officers have no authority to execute a search warrant outside their own municipality and that it was improper for the defendant officers, who are employed by the City of Brillion, to execute warrants in the Village of Neshkoro. He also argues that it was improper for a Calumet County Circuit Court judge to issue a warrant which was executed in Marquette County. However, notwithstanding Karlin's lack of citation to authority for such contentions, they are essentially without merit. *See* Wis. Stat. § 968.12(4) ("A search warrant may authorize a search to be conducted anywhere in the state and may be executed pursuant to its terms anywhere in the state").

The plaintiff also argues that nothing listed on the search warrant was found at his residence. Hence, he asserts there is no "link" between the items sought and the commission of a crime. He appears to argue that Mignon's affidavit contained false information. However, his argument is not well taken.

9

In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court held that a search warrant issued based upon an affidavit containing a falsehood violates the Fourth Amendment where: (1) such affidavit includes a false statement; (2) the false statement was either deliberately made with knowledge of its falsity or was made with reckless disregard of the truth; and (3) the affidavit would have failed to establish probable cause if the false statement was not included in the affidavit. *See also Perlman v. City of Chicago*, 801 F.2d 262, 264 (7th Cir. 1986) (*Franks* standard applies to civil action for damages based on allegation that a police officer deliberately misrepresented fact in a warrant affidavit). However, there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003) (quoting *Franks*, 438 U.S. at 171). To rebut this presumption, plaintiff must provide evidence that defendants "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers' determinations that probable cause existed for the arrests." *Id.* (quoting *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742 (7th Cir. 2003)). Plaintiff has not provided any such evidence and therefore this claim fails.

Finally, plaintiff contends his property was improperly seized. However, it is undisputed that his property, both from his apartment and from his vehicle, was seized pursuant to valid search warrants. It is also undisputed that Karlin petitioned Calumet County Circuit Court for release of his seized property in July 2007 and that all of the non-evidentiary property was released into the custody of his designee pursuant to judicial order on July 31, 2007. (*See* Ex. F.) The property which was not returned pursuant to that order

remains in custody because it was evidence in the criminal prosecution of Karlin. Thus, his claim of improperly seized property is without merit as well.

The court turns to Karlin's claims against Calumet County. In order to prevail against Calumet County, plaintiff needs to demonstrate he suffered a deprivation of his constitutional rights based on some official policy, widespread custom, or deliberate act of a county decision maker. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978). In this case, the undisputed facts reveal the three officers who executed the search warrants - defendants Mignon, Schend, and Kluck - are not officers or employees of Calumet County. It is also undisputed that Judge Poppy, who signed the two search warrants, and the Calumet County District Attorney, who prosecuted Karlin in part based on evidence obtained through the search warrants, are not employees or officers of Calumet County. It is further undisputed that Calumet County Sheriff's Deputy Mark Wiegert neither participated in the decision-making process related to the application for the warrants nor in the execution of the warrants.

Plaintiff has not submitted any evidence in support of his theory that Calumet County is somehow liable for his purported injuries. Calumet County's proffered evidence is therefore undisputed. *See* Civil L.R. 56(4) (E.D. Wis.). Plaintiff has not submitted any evidence that Calumet County caused the alleged Fourth Amendment violations. Rather, it is undisputed that the Calumet County Board of Supervisors has not signed any agreement with the City of Brillion to provide law enforcement activities in the City of Brillion in lieu of a city police department. It is also undisputed that defendants Mignon, Schend, and Kluck are not employees of Calumet County. Thus, Calumet County was in no position to exercise control over Mignon, Schend, and Kluck. Now, therefore,

**IT IS ORDERED** that defendant Calumet County's motion for summary judgment (Docket #63) is **GRANTED**.

**IT IS FURTHER ORDERED** that defenants Mignon, Schend, and Kluck's motion for summary judgment (Docket #67) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be dismissed.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2010.

                                BY THE COURT

                                /s/ C. N. Clevert, Jr.
                                C. N. CLEVERT, JR.
                                Chief U.S. District Judge